UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Bruce Cobbeldick,** *et al.*, | ) | CASE NO. 1:21 CV 1159 |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **Cuyahoga County** | ) | AND ORDER |
| **Corrections Center,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiffs Bruce Cobbeldick (aka Bruce Cobbledick)[1], Mitko Todorov, Alexander Smyczek, Kevin Coleman, Charles Jackson, Jason Diggins, Lawrence Jackson, Frank Golphin, and Tyrone Bryant brought this civil rights action against the Cuyahoga County Corrections Center, Cuyahoga County Executive Armond Budish, former Cuyahoga County Sheriff Clifford Pinkney, former Cuyahoga County Jail Director Kenneth Mills, former Cuyahoga County Jail Warden Eric Ivey, and Ohio Governor Mike DeWine. They seek monetary damages for conditions of confinement in the Cuyahoga County Corrections Center.

---

[1] This Plaintiff lists his name in the case caption and the body of the Complaint as Bruce Cobbeldick. He also signed page 4 of the Complaint also as Bruce Cobbeldick. On Page 20 of the Complaint, he signed his name as Bruce Cobbledick. Moreover, the Ohio Department of Rehabilitation and Correction has his name spelled as Cobbledick.

1

**BACKGROUND**

As an initial matter, it is not entirely clear who actually intended to be a Plaintiff in this action. The Complaint is hand-written. The fourth and fifth pages in the twenty-page pleading are signature pages attesting that "the foregoing is true and correct." There, however, are no allegations on pages one through three. Furthermore, the inmates who signed that page dated their signatures on June 8, 2019. This Complaint was filed on June 8, 2021, a full two years later. The pages containing the signatures have no apparent connection to any pleading in particular, suggesting that it may have been taken from another document. The handwriting from page six through page twenty appears different than the handwriting on pages one through three, again making it appear that two different documents were merged together. The last page of the Complaint is signed only by Bruce Cobbeldick and is dated February 1, 2021. Moreover, only Bruce Cobbeldick completed an Application to Proceed *In Forma Pauperis*. Based on this information, the only Plaintiff that can be confirmed as intending to proceed with this action is Bruce Cobbeldick. The others are dismissed as Plaintiffs and shall not be charged with any portion of the filing fee for this action.

Plaintiff Cobbeldick ("Plaintiff") was a detainee in the Cuyahoga County Jail for some period of time prior to his incarceration in the North Central Correctional Institution on August 13, 2019. He begins by listing complaints with respect to conditions in the jail as follows:

1. Failure to provide access to the law library.

2. Improper medical care.

3. Inability to access medical care.

4. Impeding access to medical care.

5. Refusal to Provide Psychiatric care.

2

    6. Lack of nutritional and caloric standards.

    7. Lack of protein in meals.

    8. Exposure to food borne illnesses and dehydration.

    9. Inhumane/inedible food not for human consumption.

    10. Untrained staff/disrespectful staff.

    11. Failure to provide recreation.

    12. Specific to inmates of 4 north no sunlight.

(Doc No. 1 at PageID # 6-7). Furthermore, he alleges that the lack of proper mental health and psychiatric care as well as the conditions in the jail prevented him from fully understanding the terms of his plea agreement and limited his ability to negotiate. (Doc. No. 1 at PageID # 7-8). He contends he was set up to be railroaded by the prosecutor, judge and pretrial investigators. (Doc. No. 1 at PageID # 9). He alleges this impacted his trial and resulted in a seventeen-year sentence. He indicates the Defendants all had positions of authority over jail staff and failed to intervene and shut down the jail. (Doc. No. 1 at PageID # 11-12).

    In addition to those conditions listed above, Plaintiff contends inmates were forced into slave labor, and experienced starvation and malnutrition. He states corrections officers did not respond to emergency call buttons for dehydration, diabetic comas, passing out, and fighting. He contends inmates were forced to remove black mold from cells and showers on the fourth and eighth floors. He indicates he was called "Cancer Boy" and "PTSD Boy." (Doc. No. 1 at PageID # 13). He claims inmates were kept in dark cells with no lights. He states inmates experienced food poisoning and medical kites were ripped up and thrown in the trash. He alleges the chain of command and the grievance system were dysfunctional. He contends the inmates were served oats and beans. He states that guards were not trained in first aid and

3

social workers refused to do their job. (Doc. No. 1 at PageID # 14). Plaintiff claims the conditions were so cold that the water in the toilets froze. Complaints for additional heat were met with delivery of additional blankets but no adjustment of the heat. (Doc. No. 1 at PageID # 15). He states he was given food he could not eat as a result of his colorectal cancer. (Doc. No. 1 at PageID # 16). He contends he was forced to clean his cell using bleach without protective gloves or masks. (Doc. No. 1 at PageID # 16). He claims there were insects in the drains, and the drains backed up into the cells. (Doc. No. 1 at Page ID # 16). He alleges that for the eight months he was in the jail, he had limited access to natural light. He claims that when he complained about the lighting in the cell, he was told that if he continued to complain he would be taken to a very dark place and forgotten. (Doc. No. 1 at PageID # 17). He asserts these conditions violated his constitutional rights.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

As an initial matter, the Cuyahoga County Corrections Center is not a proper Defendant. It is not *sui juris*, meaning it is not separate legal entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Jackson v. Adult Parole Auth.*, No. 1:19 CV 2339, 2020 WL 639187, at *2 (N.D. Ohio Feb. 11, 2020); *Black v. Montgomery Cty. Comm. Pl. Ct*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court was not *sui juris*). These claims cannot proceed against the Cuyahoga County Corrections Center.

Furthermore, the statute of limitations for a civil rights action expired at least with respect to the claims against Mills and Ivey. Plaintiff does not provide the dates he was incarcerated in the Cuyahoga County Corrections Center. The docket in his criminal case, *State of Ohio v. Cobbledick*, Case No. CR-18-633929-A (Cuyahoga Cty Ct. Comm. Pl. convicted May 1 2019) indicates Plaintiff was arrested in Texas on January 5, 2019. Mills resigned his position in 2018,

5

prior to Plaintiff's arrival in the Corrections Center, and Ivey was demoted from a position of authority in February 2019.[2] Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Mills and Ivey cannot be held liable for incidents that took place after they no longer held positions of authority in the jail. Any incidents that occurred prior to their departure or demotion would be beyond the expiration of the two-year statute of limitations period. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

Moreover, Plaintiff fails to state a claim upon which relief may be granted. The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain." *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The Eighth Amendment, however, applies only to post-conviction inmates. *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992). The claims of pretrial detainees, arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Nevertheless, they are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir.1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

---

[2] *See* https://www.wkyc.com/article/news/crime/ken-mills-sentencing-former-cuyahoga-county-jail-director-case/95-6d55c2e5-1bb8-4df0-b910-0641da241fdf and https://www.cleveland.com/metro/2019/02/cuyahoga-county-jail-warden-demoted-over-nepotism-complaint-second-investigation-ongoing.html

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter*,175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of

7

the Eighth Amendment. *Id*. at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's Eighth Amendment claims fail to satisfy these criteria. As an initial matter, Plaintiff lists numerous conditions of confinement, however; he fails to allege facts suggesting that he personally experienced those listed conditions and was harmed by them. Furthermore, he fails to allege facts suggesting that the named Defendants were sufficiently culpable for these conditions. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837). In this case, the actions which he claims he personally experienced were attributed to unnamed corrections officers. There is no suggestion that Budish, Pinkney, Mills, Ivey, or DeWine was even aware of Plaintiff's particular situation. As stated above, Mills had resigned before Plaintiff was incarcerated, and Ivey was demoted shortly after Plaintiff's arrival in the jail. Pinkney, Budish, and DeWine were more removed from the day-to-day occurrences in the jail. There are no factual allegations in the Complaint suggesting they had the requisite state of mind to satisfy the subjective element of an Eighth Amendment claim.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: 10/25/2021

 s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE